UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT HUGHES on his own behalf and others
similarly situated,

                      Plaintiff,

-vs-                                                                             Case No. 2:09-cv-426-FtM-29SPC

TIER ELECTRIC, INC. a Florida profit
corporation,

                      Defendant.
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Joint Motion for Approval of Proposed Settlement and Dismissal With Prejudice (Doc. #28) filed on April 21, 2010. The parties indicate a settlement has been reached between the parties and seek approval of the agreement.

      This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.* The Parties have reached a settlement agreement and seek court approval of that agreement. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." In the Joint Motion for Approval submitted by the Parties, (Doc. #28), the Parties represent that to avoid the expense and inconvenience of litigation, a settlement has been reached in a bona fide good faith dispute and is

deemed fair and reasonable. The compromise of the original claim reached between the parties including attorney's fees and costs is to be distributed as outlined below.

The parties have agreed to a total settlement amount of $10,000.00. The Plaintiff is to receive $5,500.00. The Plaintiff's Counsel, Kelly Amritt, Esq., will receive $4,500.00 as attorneys fees, which was negotiated separately.

With regard to attorney's fees, the Court recognizes the ruling in Bonetti v. Embarq. Mgmt. Co., 2009 WL 2371407 (M.D. Fla. Aug. 2009)[1]. In accordance with Bonetti, Counsel has indicated the issue of attorneys fees and costs has been negotiated and settled independent and in seriatim of the Plaintiff's claims.

Because the Plaintiff has agreed that the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Joint Motion for Approval of Proposed Settlement and Dismissal With Prejudice (Doc. #28) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

---

[1] The Bonetti Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___22nd___ day of April, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record